UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>DENNIS G. CURTIS,<br>                                Debtor,<br><br>BANK OF THE WEST,<br>                              Appellants,<br><br>v.<br><br>DENNIS CURTIS,<br>                              Appellee. | Case No.: 3:20-cv-02513-AJB-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS BANKRUPTCY APPEAL FOR LACK OF JURISDICTION**<br><br>**(Doc. No. 12)** |

     Before the Court is Dennis Curtis' ("Curtis") motion to dismiss Bank of the West's ("BOW") appeal for lack of jurisdiction. (Doc. No. 12.) BOW filed an opposition, to which Curtis replied. (Doc. Nos. 14, 15.) For the reasons set forth below, the Court **GRANTS** Curtis' motion and **DISMISSES** the appeal **WITH PREJUDICE**.

//

//

//

1

## I. BACKGROUND

In April 2019, Curtis filed a voluntary Chapter 7 bankruptcy petition. BOW thereafter filed an adversary complaint against Curtis, which alleged two claims premised on fraud. On November 9, 2019, Curtis filed a motion for summary judgment, arguing that BOW failed to establish the reliance element of its fraud claims. At the motion hearing on January 16, 2020, the bankruptcy judge granted BOW's request for discovery and continued the matter for supplemental briefing on reliance and damages. On September 9, 2020, the bankruptcy judge heard oral argument on the motion for summary judgment, and on September 16, 2020, it entered an order granting Curtis' motion for summary judgment for failure to produce evidence of reliance on a misrepresentation that caused damages.

Then, on September 21, 2020, Curtis filed a motion for attorneys' fees. After hearing oral argument on the motion, the bankruptcy judge awarded Curtis $87,040 in attorneys' fees, and on December 15, 2020, it entered an order on the motion for attorneys' fees and a judgment in the adversary proceeding. On December 28, 2020, BOW filed an appeal asserting that the bankruptcy judge erred in granting Curtis' motion for summary judgment. The instant motion to dismiss for lack of jurisdiction follows.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges only if the appeal is taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(a), (b)(1), (c)(2). Rule 8002 provides, in pertinent part, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). In the Ninth Circuit, a decision is final if it contains (1) "a *complete* act of adjudication, that is, a full adjudication of the issues at bar" and (2) "clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) (emphasis in original) (internal quotations omitted). As to the first element, generally, in civil cases, "a complete act of adjudication ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 307 n.1 (quoting

2

3:20-cv-02513-AJB-DEB

## I. BACKGROUND

In April 2019, Curtis filed a voluntary Chapter 7 bankruptcy petition. BOW thereafter filed an adversary complaint against Curtis, which alleged two claims premised on fraud. On November 9, 2019, Curtis filed a motion for summary judgment, arguing that BOW failed to establish the reliance element of its fraud claims. At the motion hearing on January 16, 2020, the bankruptcy judge granted BOW's request for discovery and continued the matter for supplemental briefing on reliance and damages. On September 9, 2020, the bankruptcy judge heard oral argument on the motion for summary judgment, and on September 16, 2020, it entered an order granting Curtis' motion for summary judgment for failure to produce evidence of reliance on a misrepresentation that caused damages.

Then, on September 21, 2020, Curtis filed a motion for attorneys' fees. After hearing oral argument on the motion, the bankruptcy judge awarded Curtis $87,040 in attorneys' fees, and on December 15, 2020, it entered an order on the motion for attorneys' fees and a judgment in the adversary proceeding. On December 28, 2020, BOW filed an appeal asserting that the bankruptcy judge erred in granting Curtis' motion for summary judgment. The instant motion to dismiss for lack of jurisdiction follows.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges only if the appeal is taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(a), (b)(1), (c)(2). Rule 8002 provides, in pertinent part, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). In the Ninth Circuit, a decision is final if it contains (1) "a *complete* act of adjudication, that is, a full adjudication of the issues at bar" and (2) "clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) (emphasis in original) (internal quotations omitted). As to the first element, generally, in civil cases, "a complete act of adjudication ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 307 n.1 (quoting

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74 (1981)). In bankruptcy cases, however, "a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which appeal would lie." *Id.* (citing *In re White*, 727 F.2d 884, 885 (9th Cir. 1984)). As to the second element, the bankruptcy judge's intent may be evidenced by "the Order's content and the judge's and parties [sic] conduct." *Id.* at 308.

### III. DISCUSSION

With his motion to dismiss, Curtis seeks dismissal of BOW's appeal of the bankruptcy judge's order granting summary judgment in his favor. (Doc. No. 12.) Specifically, Curtis argues that the Court does not have jurisdiction to review BOW's appeal because BOW did not file a timely appeal of the September 16, 2020 summary judgment order ("Order"). (*Id.* at 6.) According to Curtis, the Order was final and appealable as of September 16, 2020, and thus, BOW's deadline to file its appeal was September 30, 2020. (*Id.* at 6–7.) Because BOW did not file a notice of appeal of the Order until December 28, 2020, Curtis contends that the appeal is untimely, and thus, the Court lacks jurisdiction to review the appeal. (*Id.* at 6–7.)

BOW asserts that although the bankruptcy judge granted Curtis' motion for summary judgment, it did not intend the Order to be its final act in the matter. (Doc. No. 14 at 8.) According to BOW, the bankruptcy judge did not provide a clear signal that its time to appeal the Order began to run when it was entered on September 16, 2020, and therefore, "it was the entry of the Judgment on December 15, 2020, rather than the Order, that triggered the appeal clock." (*Id.* at 9.)

Evidently, the dispositive question before the Court is whether the bankruptcy judge's Order granting summary judgment is a final order. As such, the Court considers whether the Order is a complete act of adjudication and clearly evidences the bankruptcy judge's intention that it be its final act in the matter. *In re Slimick*, 928 F.2d at 307.

### A. Complete Act of Adjudication

As previously mentioned, the bankruptcy judge granted Curtis' motion for summary judgment, finding that BOW "failed to produce evidence as to how its reliance was to its detriment causing damages." (Doc. No. 11-3 at 136.) The bankruptcy judge concluded that "BOW's inability to articulate damages at this stage of the case requires the court grant summary judgment." (*Id.*) The Order contains the bankruptcy judge's findings and conclusion and makes clear that BOW's failure to marshal evidence necessary to proceed with its claims is dispositive of the adversary complaint. The decision fundamentally affected the parties' substantive rights because it fully adjudicated the merits of BOW's adversary complaint against Curtis and ended that litigation. Accordingly, because the bankruptcy judge's decision was a full adjudication of the issues at bar and ended the adversary litigation on the merits, the Court finds that the September 16, 2020 Order was a complete act of adjudication. *See In re Slimick*, 928 F.2d at 307; *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) ("An order granting a motion for summary judgment is final; an order denying such a motion is not.").

### B. Bankruptcy Judge's Intent

Having found that the summary judgment Order was a complete act of adjudication, the Court considers whether the decision clearly evidences the bankruptcy judge's intention that it be its final act in the matter. *See In re Slimick*, 928 F.2d at 307. Beginning with the content of the Order, BOW argues that the decision is not final because the Order states, "Summary judgment will be granted, and Debtor may upload a defense judgment on the complaint." (Doc. No. 11-3 at 138.) While the Court acknowledges that the phrase "will be granted" is in the future tense, other notable language in the Order is written in the present tense. Specifically, at the beginning of the Order, the bankruptcy judge wrote, "IT IS HEREBY ORDERED as set forth on the seven continuation pages attached." (*Id.* at 131.) This signals that the findings and conclusions that appear in the following pages constitute the bankruptcy judge's present and final adjudication on the motion for summary judgment. Moreover, right after the bankruptcy judge's conclusion that "[s]ummary

4

judgment will be granted," the bankruptcy judge wrote, "IT IS SO ORDERED"—thereby indicating that its intent to grant the summary judgment motion has been effectuated. (*Id.* at 138.) Additionally, the use of language such as "hereby ordered" and "it is so ordered" are "typical of a final disposition" and further demonstrates the bankruptcy judge's intent for the Order to constitute the final adjudication of the issues before it. *In re Slimick*, 928 F.2d at 308. As such, the Court declines to find that the bankruptcy judge's use of the phrase "will be granted" establishes that the Order is not to be construed as a final.

Further evidencing the bankruptcy judge's intent that the Order be its final act in the matter, the summary introduction of the Order states: "After several continuances to enable Bank of the West, a California banking corporation ("BOW"), an opportunity for further briefing and discovery, the court is prepared to grant the Motion for Summary Judgment ("Motion") brought by Debtor Dennis G. Curtis ("Debtor") first brought over a year ago." (Doc. No. 11-3 at 132.) Later in the Order, the bankruptcy judge explained that that "after three hearings, and the unlimited potential for fulsome discovery, BOW still has no evidence that it was harmed by the alleged misrepresentations." (*Id.* at 136.) The bankruptcy judge then concluded that "BOW's inability to articulate damages at this stage of the case requires the court grant summary judgment." (*Id.*) The Order's language therefore shows that the bankruptcy judge had reached its decision to grant summary judgment and memorialized its reasoning and final decision on the matter. Indeed, at that point, there was nothing left to do in the case but to formally enter judgment in favor of Curtis. *See also United States v. Lummi Indian Tribe,* 235 F.3d 443, 448 (9th Cir.2000) ("A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute judgment.") (internal quotations omitted). Lastly, the bankruptcy judge's use of the word "may" when it stated that "Debtor may upload a defense judgment on the complaint," (Doc. No. 11-3 at 138), strongly evinces that the finality of the summary judgment Order is not contingent on a later judgment. *See also In re Slimick*, 928 F.2d at 308 (considering the effect of a later judgment on the finality of an earlier order and stating: "It is irrelevant that the court designated the first disposition an order and the later

5

3:20-cv-02513-AJB-DEB

disposition a judgment. Appealability turns on the effect of the ruling, not the label assigned to it by the trial court.") As the Ninth Circuit has noted, it is "presume[d] that a facially final order does not constitute a statement of intended decision or conditional disposition unless the court clearly states that it is such." *Id.*

Turning to the bankruptcy judge's and parties' conduct, the Court finds that this evidence also supports a finding that the summary judgment Order was final for purposes of an appeal. As mentioned earlier, after the bankruptcy judge issued the Order, Curtis filed a motion for attorneys' fees. This shows Curtis' understanding that through the bankruptcy judge's Order, he obtained summary judgment and prevailed against BOW's adversary complaint. Similarly, in its tentative ruling on Curtis' fee motion (which it later adopted), the bankruptcy judge summarized the procedural history of the case and confirmed therein that "the court issued an order granting" Curtis' motion for summary judgment and that Curtis "obtain[ed] a favorable decision[.]" (Doc. No. 11-3 at 221.) Also telling, the bankruptcy judge referred to Curtis as "the prevailing party" throughout its attorneys' fees order. (*See, e.g., id.* at 220.) These circumstances further evince the bankruptcy judge's intent that its September 16, 2020 Order on the summary judgment motion was its final substantive act on that matter.

Consistent with Curtis' and the bankruptcy judge's conduct, BOW, in its opposition brief to the motion for attorneys' fees, affirmed that "the Court granted" Curtis' motion for summary judgment. (*Id.* at 203.) BOW further explained that it was "understandably disappointed with the result" and that the bankruptcy judge's rationale for granting the summary judgment motion was based on its inability to satisfy the elements of the claims raised in its adversary complaint. (*Id.*) These acknowledgements illustrate that BOW understood that the bankruptcy judge's summary judgment Order effectively altered its rights and fully disposed of the merits of its case. (*Id.* at 203.) To the extent that BOW now claims that it was uncertain about the finality of the summary judgment Order, "[t]he Ninth Circuit has long advised litigants in bankruptcy who are unsure about the finality of an order to file a notice of appeal to preserve their rights whether the matter was final or

interlocutory." *In re Liu*, 611 B.R. 864, 872–73 (B.A.P. 9th Cir. 2020) (citing cases). BOW did neither. Moreover, that the bankruptcy judge alluded to a later judgment that would be entered in Curtis' favor is inconsequential here.[1] "Appealability turns on the effect of the ruling, not the label assigned to it by the trial court." *In re Slimick*, 928 F.2d at 308.

Thus, based on the above, the Court finds that the content of the summary judgment Order and the bankruptcy judge's and parties' conduct concerning the Order clearly demonstrate the bankruptcy judge's intention that the Order be its final act in the matter. *See id.* at 207. In sum, because the September 16, 2020 Order was a complete act of adjudication and clearly evidenced the bankruptcy judge's intention that it be its final act in the matter, the Order was a final order for purposes of appeal. *See In re Slimick*, 928 F.2d at 307. As BOW failed to file a notice of appeal within 14 days of the summary judgment Order's entry, its appeal is untimely, and the Court therefore lacks jurisdiction to review it. *See* 28 U.S.C. § 158(a), (b)(1), (c)(2); Fed. R. Bankr. P. 8002(a)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Curtis' motion to dismiss BOW's appeal for lack of jurisdiction. (Doc. No. 12.) Accordingly, the Court **DISMISSES WITH PREJUDICE** BOW's appeal of the bankruptcy judge's summary judgment Order and **DIRECTS** the Clerk of Court to close this case.

Dated: July 7, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[1] The Court is also unpersuaded that the bankruptcy judge's refusal to comment on the finality of its summary judgment Order indicates that it was not a final order. It is apparent that the bankruptcy judge's refusal to comment was based on its view that determining whether there is a final appealable order was not within its province, but rather, "up to the Court of Appeal." (Doc. No. 14 at 8.)